# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID HUGHES, | ) | |
| | ) | Civil Action No. 2:17-cv-00697-LPL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| ALLEGHENY COUNTY, PA., | ) | |
| ORLANDO HARPER, and CORIZON | ) | ECF No. 21 |
| HEALTH, | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OPINION

This is a civil rights action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 alleging, *inter alia*, that the defendants violated Plaintiff's rights to be free from cruel and unusual punishment in violations of the Eighth Amendment, conspired to deny him constitutional protections, and discriminated against him in violation of the Americans with Disabilities Act. (ECF No. 19.) Now pending before the Court is a Motion to Dismiss for Failure to State a Claim from Defendant Corizon Health (ECF No. 21), and for the following reasons, the Motion will be granted.

**I.  Standard of Review**

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Fowler</u>, 578 F.3d at 213 (quotation marks and citations omitted); *see also* <u>Covington v. Int'l Ass'n of Approved Basketball Officials</u>, 710 F.3d 114, 117–18 (3d Cir. 2013).

<u>Thompson v. Real Estate Mortg. Network</u>, 748 F.3d 142, 147 (3d Cir. 2014).

## II.    Discussion

Plaintiff was an inmate at the Allegheny County Jail from June of 2014 to March of 2016. (ECF No. 19, ¶¶ 15, 63.) Plaintiff suffers from relapsing multiple sclerosis ("MS") as well as schizoaffective disorder (bipolar type), both of which require him to take medications to manage. Id. at ¶¶ 12-14, 16. Defendant Corizon Health was retained by the County to provide medical care at the Jail until August of 2015. Id. at ¶¶ 19, 21. Plaintiff avers that during his first year of incarceration, he was not given his regular Gilenya doses or any other medication for his MS, nor was he treated by a psychiatrist for his mental illness. Id. at ¶¶ 28, 31. As a result of the lack of treatment, Plaintiff states that he would suffer from MS attacks where his legs would jerk uncontrollably; he also developed lower extremity weakness and a bilateral footdrop. Id. at ¶¶ 55, 61. Plaintiff's mother also contacted Jail officials about making sure he had access to his medication, but was told that the Jail lacked adequate funding for such medications. Id. at ¶¶ 59-60.

Plaintiff was committed to Torrance State Hospital from March 26, 2015 until July of 2015, at which time he was returned to the Jail. Id. at ¶ 65. Plaintiff did receive Gilenya while at the hospital. Id. at ¶ 66. One month after Plaintiff returned to the Jail, in August of 2015, Corizon's contract with the Jail was not renewed and Corizon ceased to be the Jail's medical provider. Id. at ¶¶ 21, 27. Plaintiff was released from the Jail on February 18, 2016. Id. at ¶ 68. Plaintiff avers that since his release, he has been unsteady on his feet and cannot walk unaided, has blurry vision in one eye, requires a catheter because he has lost bladder control, and has impaired kidney and liver functions. Id. at ¶ 69. Plaintiff filed the present action on May 30, 2017. (ECF No. 1.)

Defendant Corizon Health moves to dismiss the claims against it, arguing, *inter alia*, that Plaintiff's claims were made outside the Statute of Limitations. (ECF No. 22, p. 4.) Defendant argues that since Plaintiff filed his suit on May 30, 2017, the claims against Corizon were outside the two-year Statute of Limitations period for claims under 42 U.S.C. § 1983, having allegedly taken place before May 30, 2015. (ECF No. 33, p. 3.) Plaintiff counters that Defendant was the primary medical care provider in the Jail for the entire duration of his incarceration, and as Defendant's relationship with the Jail ended in August of 2015, the date that Plaintiff filed suit is within two years of that date. (ECF No. 32, p. 7.) Plaintiff argues that the continuing violations doctrine applies because Corizon's actions were not isolated to one specific instance, and the exact nature of the effects of its actions were not fully apparent until after the termination of its contract with the Jail. Id. at p. 8. Plaintiff concludes that the Amended Complaint "gives rise to an inference" that the substandard care that Plaintiff received from Corizon before he was admitted to the hospital continued after he returned to the Jail, and therefore he is not outside the

Statute of Limitations period since Corizon did not end its services at the Jail until August 2015. Id.

Defendant replies that the continuing violations doctrine does not apply because Plaintiff made no allegations of wrongdoing on the part of Corizon between May 30, 2015 and May 30, 2017, particularly for the period when Plaintiff was back under Corizon's care from July 2015 to August 2015. (ECF No. 33, p. 3.) Thus, Defendant argues that the claims against Corizon are barred by the Statute of Limitations. Id.

The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law.[1] Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years. See 42 Pa. C.S. § 5524.

The date when a civil rights action accrues (begins to run) is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the Defendant. See Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the state of the limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

The continuing violations doctrine is an equitable exception to the limitations period, which provides that, "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations

---

[1] See Goodman v. Lukens Steel Correctional Officer, 482 U.S. 656, 662 (1987) (42 U.S.C. § 1981); *Wilson v. Garcia*, 471 U.S. 261, 272-76 (1985) (42 U.S.C. § 1983); Bougher v. University of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989) (42 U.S.C. § 1985).

4

period." Beckett v. Pennsylvania Dep't of Corr., 597 F. App'x 665, 667–68 (3d Cir. 2015)(quoting Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir.2001)).

Plaintiff's First Amended Complaint makes no allegations against Corizon that took place after May 30, 2015. On that date, Plaintiff had been under the care of Torrance State Hospital for nearly two months. Even if the continuing violations doctrine could be applied to Corizon's actions, the period in the hospital was a break from the period of Corizon's continuing violations, and the allegations from the period before Plaintiff was admitted to the hospital is clearly outside the Statute of Limitations period. If Plaintiff could allege instances of substandard medical care for the period from July 2015 to August 2015, when he was back under Corizon's care, then that claim or claims would be within the Statute of Limitations period.

Furthermore, Plaintiff was already aware of his injuries and the consequences of which during his incarcerations period before his hospitalization. He was already suffering from the effects of not being on his MS medication. His mother calling the jail to make sure he received his medication further indicates that Plaintiff may have been aware of the seriousness of not being given the medications. The "continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy." Beckett at p. 668 (quoting Kichline v. Consol. Rail Corp., 800 F.2d 356, 360 (3d Cir.1986).

### III.   CONCLUSION

For the aforementioned reasons, the Court will grant the Defendant's Motion to Dismiss (ECF No. 21) and dismiss Plaintiff's First Amended Complaint (ECF No. 19) for failure to state a claim. Plaintiff will be granted leave to amend the Complaint, if able, to include allegations

against Corizon that took place between July and August of 2015.[2] Said Second Amended Complaint is to be filed no later than April 27, 2018. An Order will follow.

    Dated: April 10, 2018.

                                                          Lisa Pupo Lenihan
                                                          United States Magistrate Judge

cc: All counsel of record.
    *Via CM/ECF Electronic Mail*

---

[2] Should Plaintiff be able to successfully amend, the Court notes that he will not be able to state his claims against Corizon under the ADA as the Third Circuit has found Corizon to not be a public entity subject to suit by a prisoner under the ADA or the Rehabilitation Act, just because it contracts with a public entity to provide medical service. See Matthews v. Pennsylvania Dep't of Corr., 613 F. App'x 163, 169 (3d. Cir. 2015).